IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANDRES ANTOLIN FLEITAS ARANA,<br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No. 26-CV-145-CJW-MAR<br><br><br>**ORDER** |

---

Petitioner Andres Antolin Fleitas Arana's petition for writ of habeas corpus is before the Court. (Doc. 1). Respondents filed a response. (Doc. 7). Petitioner filed a reply. (Doc. 12). For the following reasons, the Court **grants in part and denies in part** petitioner's petition for writ of habeas corpus and **orders** that respondents provide him with a bond hearing.

## *I. BACKGROUND*

Petitioner is a citizen of Venezuela. (Doc. 1-2, at 1). He arrived in the United States around Del Rio, Texas some time prior to 2022. (*Id.*, at 2). He was not admitted or paroled. (*Id.*). On January 27, 2022, he applied for asylum. (Doc. 10-1, at 4). On February 14, 2022, the Department of Homeland Security ("DHS") issued him a Notice to Appear, charging him with being inadmissible for being present in the United States without being admitted or paroled. (Doc. 1-2, at 2); *see* 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien[1] present in the United States without being admitted or paroled, or who arrives

---

[1] The United States Code and the accompanying federal regulations use the term "alien." To maintain consistency with the statutory and regulatory text, the Court will use the same term in this Order.

in the United States at any time or place other than as designated by the Attorney General, is inadmissible[.]”). On February 16, 2022, DHS released petitioner on his own recognizance. (Doc. 1-2, at 5–6). On February 23, 2022, DHS explained that petitioner’s release was based on his weight placing him at heightened risk of severe illness and death upon contracting the COVID-19 virus. (Doc. 10-3 (citing *Fraihat v. United States Immigr. & Customs Enf’t*, 445 F.Supp.3d 709, (C.D. Cal. Apr. 20, 2020), *vacated*, No. 5:19-CV-01546-JGB(SHK), 2022 WL 20212706 (C.D. Cal. Sept. 16, 2022))). On October 13, 2023, DHS granted petitioner work authorization until October 4, 2028. (Doc. 10-1, at 5).

On February 9, 2026, an immigration judge ordered petitioner removed to Ecuador. (*Id.*, at 9–13). On February 25, 2026, petitioner appealed, and that appeal remains pending. (*Id.*, at 14–16). On March 31, 2026, law enforcement officers arrested petitioner in Linn County, Iowa. (*Id.*, at 20; Doc. 10-8). On April 1, 2026, DHS issued a warrant for his arrest. (Doc. 10-6). On June 2, 2026, petitioner pled guilty to third degree harassment and domestic abuse assault first offense. *See State v. Fleitas Arana*, AGCR163763 (Dist. Ct. Linn County 2026). He was sentenced to thirty days in jail with credit for time served on each count to run concurrently. *Id.*; (Doc. 10-8). On June 3, 2026, he was transferred to Immigration and Customs Enforcement (“ICE”) custody. (Doc. 10-1, at 6).

On June 29, 2026, petitioner filed the instant petition for habeas corpus along with Exhibit A. (Docs. 1 & 1-2). On July 16, 2026, respondents filed a response along with a declaration from Peter Miller and Exhibits 1, 2, 3, 4, 5, 6 and 7. (Docs. 7, 10-1 through 10-8). On July 21, 2026, petitioner filed a reply. (Doc. 12). Petitioner remains detained at the Linn County Jail in ICE custody. (Doc. 1, at 3; Doc. 1-2, at 18, 20).

## *II. LEGAL STANDARD*

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The right to challenge the legality of a person's confinement "through a petition for a writ of habeas corpus . . . extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2022) (citing *Presider v. Rodriguez*, 411 U.S. 475, 485 (1973); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); and *Demore v. Kim*, 538 U.S. 510, 517 (2003)). The petitioner bears the burden of proving by a preponderance of the evidence that their detention is unlawful. *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025); *Walker v. Johnston*, 312 U.S. 275, 286 (1941); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner."); *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (stating that the burden of proof was upon the petitioner).

## *III. DISCUSSION*

Petitioner "asks for his immediate release from his illegal detention." (Doc. 1, at 2). In support of that request, he argues that his "prior release on his own recognizance into the United States provides him with a liberty interest that is protected by the due process clause." (*Id.*, at 4). "The lack of a pre-deprivation bond hearing with the burden on the government violated Petitioner's due process rights." (*Id.*, at 12). Respondents argue that petitioner was released due to the COVID-19 pandemic and not after "a determination of his dangerousness or risk of flight." (Doc. 7, at 7). They also argue that "[p]etitioner received the full due process of a state criminal proceeding" and that "the state criminal proceedings satisfy [due] process." (*Id.*, at 8). In his reply, petitioner argues that because he lacks "notice or an opportunity to contest that his conduct

establishes dangerousness or flight risk in the immigration context, the Court should order [r]espondents to provide [p]etitioner an individualized bond hearing at which [r]espondents bear the burden of proving an absence of dangerousness or flight risk by clear and convincing evidence." (Doc. 12, at 2).

This Court has found that a previous release on bond or an alien's own recognizance creates a liberty interest that the government cannot arbitrarily revoke without violating due process. *See* Order, *Cruz Flores v. Whitmore*, No. 26-cv-132 (N.D. Iowa July 9, 2026), Dkt. No. 12; Order, *Mukhamedyarov v. McDaniel*, No. 26-cv-125 (N.D. Iowa June 30, 2026), Dkt. No. 14; Order, *De la luz Baez v. Mullin*, No. 26-cv-72 (N.D. Iowa June 2, 2026), Dkt. No. 28; Order, *Martin Martin v. Mullin*, No. 26-cv-92 (N.D. Iowa May 26, 2026), Dkt. No. 14; *Gomez Blanco v. Noem*, No. 26-cv-61 (N.D. Iowa April 28, 2026), Dkt. No. 15; *Muse v. Mullin*, No. 26-cv-4024 (N.D. Iowa April 14, 2026), Dkt. No. 14. *See also Abbas v. Schneider*, No. 4:26-cv-00132-SHL-WPK, 2026 WL 1079292, at *7 (S.D. Iowa Apr. 17, 2026) ("a person has a viable due process claim when the [g]overnment abruptly changes the rules of the game in this manner").

Here, the Court finds that, for the same reasoning as in those cases, respondents must provide petitioner with a bond hearing at which the government bears the burden to demonstrate petitioner's dangerousness or flight risk. The Court acknowledges respondents' point that "[p]etitioner's release was conditional, requiring that he 'not violate any local, State, or Federal laws or ordinances'," and that petitioner has since pled guilty to harassment and domestic abuse assault. (Doc. 7, at 8). The remedy here given those criminal convictions, as the Court has previously found, is a bond hearing. The remedy is not a denial of a hearing, as the government suggests, or immediate release from custody, as petitioner suggests. The Court also acknowledges that petitioner's order of release cited to *Fraihat v. United States Immigration & Customs Enforcement*, 445

F.Supp.3d 709 (C.D. Cal. Apr. 20, 2020), which was vacated in 2022. The Court finds, however, that, consistent with its previous orders, it is release from custody that provides a liberty interest, not the reasoning behind it. Regardless of the reasoning for petitioner's release in February 2022, the government has now revoked that interest without demonstrating petitioner's dangerousness or risk of flight at a bond hearing. Likewise, the Court in *Fraihat* ordered that ICE "make timely custody determinations for detainees with Risk Factors" not immediately release them, thus the same reasoning as in the Court's prior orders on aliens released on their own recognizance following a custody determination applies. *Id.* at 751. Thus, petitioner's petition is **granted** as to his request for a bond hearing. His alternative argument for immediate release is **denied**.

## *IV. CONCLUSION*

For those reasons, petitioner's petition for writ of habeas corpus (Doc. 1) is **granted-in-part and denied-in-part**. The Court hereby orders that within fourteen (14) days of the date of this order respondents provide petitioner an individualized bond hearing before an immigration judge at which the government bears the burden to demonstrate petitioner's dangerousness or flight risk. Judgment shall enter in favor of petitioner. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED** this 23rd day of July, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa